IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

TIM F. WOOD,                                )
                                            )
            Plaintiff,                      )
                                            )
vs.                                         )
                                            )
HANDY & HARMAN COMPANY, and                 )   Case No. 05-CV-532-TCK-FHM
CONTINENTAL INDUSTRIES,                     )
                                            )
            Defendants.                     )

## ORDER

Before the Court is Defendants Handy & Harman and Continental Industries, Inc.'s Motion to Dismiss Plaintiff's Second Cause of Action (Dkt. No. 8).

### I.   Standard for Motion to Dismiss

For a motion made under Federal Rule of Civil Procedure 12(b)(6) to succeed, Defendants must show that, as a matter of law, Plaintiff has failed to state a claim upon which relief can be granted. It must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). In evaluating a motion to dismiss, a court must accept all well-pled allegations as true and indulge all reasonable references in favor of plaintiff. *See Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1251 (10th Cir. 1997); *Weatherford v. Globe Int'l, Inc.*, 832 F.2d 1226, 1228 (10th Cir. 1987). "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002) (quotation omitted).

## II. Discussion

Defendants move to dismiss Plaintiff's second cause of action, which alleges that Defendants' termination of Plaintiff was in violation of a clearly mandated public policy of Oklahoma. Such a cause of action is commonly known under Oklahoma law as a *Burk* tort. The *Burk* tort is a judicially created exception to the employment-at-will doctrine.[1] Defendants move to dismiss Plaintiff's *Burk* tort claim on grounds that Plaintiff has failed to "identify an Oklahoma public policy goal that is clear and compelling and articulated in existing constitutional, statutory or jurisprudential law." *See Clinton v. State of Oklahoma, ex rel. Logan Cty. Election Bd.*, 29 P.3d 543, 546 (Okla. 2001) (clarifying parameters of *Burk* tort).

With respect to a *Burk* tort claim, the initial determination of public policy is a question of law to be resolved by the court. *Hayes v. Eateries, Inc.*, 905 P.2d 778, 785 (Okla. 1995). Courts must "screen cases on motions to dismiss for failure to state a claim or for summary judgment if the discharged employee cannot allege a clear expression of public policy." *Burk*, 770 P.2d at 29 (quotation omitted). In determining whether a plaintiff has alleged a clear expression of public policy, a court must be mindful of the Oklahoma Supreme Court's admonition to "tightly circumscribe public policy exceptions to the at-will employment doctrine." *Griffin v. Mullinix*, 947 P.2d 177, 179 (Okla. 1997).

Plaintiff's Complaint alleges in relevant part as follows:

> During his employment, the Plaintiff became aware of what appeared to be an illegal dumping or spillage of toxic chemicals. The Plaintiff believes and alleges that the toxic chemical was trichloroethylene, or a derivative or mixture of such chemical. The toxic chemicals consisted of a powerful solvent and environmentally hazardous

---

[1] The first case recognizing the public policy tort exception to the at-will employment doctrine was *Burk v. K-Mart*, 770 P.2d 24 (Okla. 1989).

> chemical used by the Defendants. The Plaintiff immediately reported the dumping or spillage of the toxic chemicals to Mr. David Kelley, the person designated by the Defendants to receive such notification. Within a few days of the Plaintiff's report to the Defendant's [sic] employee, he was summarily fired without any apparent reason. One reason for the wrongful termination was the reporting by Plaintiff of the illegal dumping or spillage of the toxic chemicals.
>
> . . . .
>
> The termination of the Plaintiff was wrongful and contrary to the law in Oklahoma. The termination was a form of retaliation because the Plaintiff reported the illegal and improper dumping or spillage of toxic chemicals. The Plaintiff was considered by the Defendants to be a "whistleblower" and was fired. Public policy in Oklahoma prohibits the wrongful termination of the Plaintiff because the actions and conduct of the Plaintiff were in all respects honorable and proper. The actions of the Plaintiff are actions to be encouraged under the law and retaliation by an employer as a result of such conduct is discouraged under the law. Public policy in Oklahoma encourages an employee to report such illegal dumping or spillage of toxic chemicals. The wrongful termination of the Plaintiff in violation of such Oklahoma public policy constitutes what has become recognized under the law as a <u>Burk</u> type tort.

(Complaint, ¶¶5,10.) Plaintiff's Complaint appears to allege that the public policy implicated is an Oklahoma public policy encouraging the reporting of environmental violations and discouraging retaliation against employees for such reporting. Plaintiffs' Complaint does not cite to specific statutory, constitutional, or jurisprudential authority.[2] The issue presented is whether Plaintiff's Complaint sufficiently identifies a "public policy goal that is clear and compelling and articulated in existing constitutional, statutory or jurisprudential law." See *Clinton*, 29 P.3d at 546.

Defendants rely on *Sims v. Haliburton Co.*, No. 98-6300, 1999 WL 495629 (10th Cir. July 14, 1999) (unpublished), as support for dismissal of Plaintiff's *Burk* tort claim. In *Sims*, the court upheld the district court's grant of a motion to dismiss on grounds that the plaintiff's complaint

---

[2] In Plaintiff's Response to the Motion to Dismiss, Plaintiff cites generally to the Oklahoma Hazardous Waste Management Act, 27A O.S. § 2-6-102, as an "example" of the state regulations or environmental laws involved.

suffered from a "fatal flaw." This fatal flaw was that his "'whistleblowing' related to violations of federal environmental laws, which, standing alone, [did] not embody a clear expression of Oklahoma public policy." *Sims*, 1999 WL 495629, at * 4. The *Sims* decision, even assuming it had precedential value, does not provide sufficient support for dismissal of the claim in this case. Unlike the complaint at issue in *Sims*, Plaintiff's Complaint alleges, albeit generally, violations of public policy arising under Oklahoma law rather than federal law. The Court concludes that *Sims* is not dispositive of the issue presented here.

Instead, this case seems to present an issue the court in *Sims* expressly refused to decide - whether certain Oklahoma and Tenth Circuit cases holding that "whistleblowing" cannot support a *Burk* tort should be extended to cases in which the whistleblowing involved public interests (such as reporting environmental violations) rather than merely private interests of the employer (such as reporting embezzlement from company by other employees). *See id.* (citing Oklahoma Supreme Court decision of *Hayes v. Eateries, Inc.*, 905 P.2d 778, 786-87 (Okla. 1995) as drawing a distinction "between whistleblowing on conduct that impacts purely private or proprietary interests of employer and whistleblowing on conduct that impacts public interests").

In *Hayes v. Eateries, Inc.*, 905 P.2d 778 (Okla. 1995), the Oklahoma Supreme Court specifically addressed a claim that termination for a specific type of whistleblowing violated a public policy of Oklahoma. The court held that the whistleblowing *alleged in that case*—which involved the reporting of a crime committed by a co-employee against the interest of his employer—did not violate any clearly expressed Oklahoma public policy. *Id.* at 786. In so holding, the court first distinguished those cases where an employee is terminated for vindicating his own legal rights or interests, such as for filing a workers' compensation claim. The court in *Hayes* found that the

plaintiff in that case sought only to vindicate the "rights of the employer he says wrongfully terminated him" by reporting the crimes. Second, and relevant to the issue before this Court, the *Hayes* court distinguished cases in which an employee is terminated for seeking to vindicate "a public wrong," where the victim of the crime could be considered the general public. *Id.* ("Thus, the situation here must be distinguished from those where sister jurisdictions have protected 'whistleblowing' activity geared toward the good faith reporting of infractions by the employer . . . of rules, regulations or the law pertaining to the public health, safety, or general welfare.").[3] Although the court cited only "sister jurisdictions," rather than an Oklahoma case, the court's reasoning in *Hayes* at least implies that whistleblowing, in some limited instances, may support a *Burk* tort under Oklahoma law.

In a Tenth Circuit case subsequent to *Hayes*, *Richmond v. ONEOK, Inc.*, 120 F.3d 205 (10th Cir. 1997), the court affirmed the district court's grant of summary judgment against a plaintiff alleging that she was terminated for "whistleblowing" in violation of Oklahoma public policy. The plaintiff in that case alleged to have reported her supervisor's "illegal and unethical" activity to the

---

[3] Plaintiff cites the following from *Gilmore v. Enogex, Inc.*, 878 P.2d 360 (Okla. 1994), as support that his Complaint should survive a motion to dismiss:

> Within the five protected public-policy areas identified in *Hinson* lies an employee's discharge for: (1) refusal to participate in an illegal activity; (2) performance of an important obligation; (3) exposure of some wrongdoing by the employer; (4) exercise of a legal right or interest and (5) performance of an act that public policy would encourage, or for refusing to do something that public policy would condemn, when the discharge is coupled with a showing of bad faith, malice or retaliation.

*Id.* at 363 n.11. This language also implies that Oklahoma case law may support a *Burk* tort where the discharge falls within certain protected "public policy" areas listed. The Court does not so find at this stage of the proceeding but simply finds that Plaintiff's Complaint is sufficient to state a claim upon which relief may be granted.

personnel office. Thus, the case involved reporting to company officials conduct that implicated private interests. With little discussion, the court stated as follows:

> We similarly reject Ms. Richmond's claim that Oklahoma law provides an exception to at-will employment on the basis of her 'internal whistleblowing' - that is, her reports to ONEOK's personnel office of her supervisor's 'illegal and unethical activity.' **This court has already held that there is no clear mandate of Oklahoma public policy against terminating employees for whistleblowing activity.** *Burk v. K Mart Corp.*, 956 F.2d 213, 214 (10th Cir. 1991) (finding no clear mandate in Oklahoma law against whistleblowing).

*Id.* at 210 (emphasis added). The broad statement in *Richmond* appears to ignore the distinctions drawn by the Oklahoma Supreme Court in the *Hayes* decision. Further, the case cited as support for the broad statement, the Tenth Circuit *Burk* decision, involved an instance of reporting wrongdoing by other K-mart employees and therefore implicating a purely private, rather than public, interest. In addition, the Tenth Circuit's discussion of the *Richmond* holding in the *Sims* case, explained above, creates further questions regarding the application of *Richmond* outside the context of internal reporting of wrongdoing impacting purely private interests of the employer. In any event, Defendants do not rely on the *Richmond* holding as the basis for their motion to dismiss.

Although Plaintiff's Complaint does not cite a statutory or constitutional basis for the public policy, a brief review of Oklahoma case law indicates that the type of whistleblowing alleged in this case (involving the public interest) *may* support a *Burk* tort under Oklahoma law, depending on the facts presented and further development and explanation of relevant jurisprudential or statutory law in later stages of the proceedings. The Court is not deciding that a *Burk* tort is actionable in this case; instead, the Court has merely determined that Defendant's cited authority does not support dismissal and that other case law reviewed by the Court does not support dismissal. Accordingly, the Court finds that Plaintiff's Complaint is sufficient to survive a motion to dismiss. Plaintiff is

cautioned, however, that Plaintiff must, during discovery, identify a "public policy goal that is clear and compelling and articulated in existing constitutional, statutory or jurisprudential law" such that Defendants know precisely what public policy is at issue in the case and all bases for such public policy (statute, constitution, and/or case law).

Defendants' Motion to Dismiss Plaintiff's Second Cause of Action (Dkt. No. 8) is DENIED.

ORDERED this 7 day of December, 2005.

*[signature]*
**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**